

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 29, 1962

Honorable Charles L. Morris
Executive Director
Veterans Affairs Commission
Austin, Texas

Dear Mr. Morris:

Opinion No. WW-1250

Re: Questions relative to the
legality of personnel of
the Veterans' Affairs Com-
mission working in conjunc-
tion with the nationally
chartered service organi-
zations in carrying out
the mandates of House Bill
18, Acts of the 50th Leg-
islature, 1947, Chapter
363, page 728.

You have requested an opinion from this office in
regard to the legality of personnel of the Veterans' Affairs
Commission working in conjunction with certain nationally chart-
ered veterans service organizations in carrying out the man-
dates of House Bill 18, Acts of the 50th Legislature, 1947,
Chapter 363, page 728, the same being codified as Article
5798a-4, Vernon's Civil Statutes.

You mention in connection with the questions posed
that:

"Due to the fact that all veterans' claims
are adjudicated at the five regional offices of
the Veterans Administration in Texas, it is
necessary that a major part of the personnel of
this Commission be concentrated at these points.
Also, since the inception of the Commission, the
three major Nationally Chartered Service Organi-
zations have maintained representatives at these
five Regional Offices to assist with the work-
load of the respective regional areas.

"As these organizations only furnish Claims
Specialists to assist in the accumulated workload,
we find that it is impossible to properly utilize
the services of these specialists without personnel
of this Commission assisting them in individual
claims, by typing necessary communications to the
claimant and to the Veterans Administration, in
obtaining the benefits for which the veteran has
applied.

"The relationship of this Commission with the three nationally chartered veterans service organizations falls into two categories:

(1) Personnel of this Commission is authorized, through accreditation by a veterans organization and the Veterans Administration, to handle claims in which such organization holds power of attorney. This category effects a working relationship that makes it necessary for personnel of the Veterans Affairs Commission and representatives of the veterans organizations, to work on the same claims, which results in an association for mutual advantage to the veteran or his survivor.

(2) Personnel of this Commission is not authorized by the organization to handle claims in which such veterans organization holds power of attorney. Under the law, personnel of the Commission is not allowed to handle such cases where accreditation by the Veterans Organization has not been granted, and there is no concentration of effort on individual cases."

Under the circumstances set forth heretofore, you have posed the question of whether in the discharge of its legal responsibilities to the veterans of the State of Texas, the Veterans' Affairs Commission is in contravention of Section 6 of Article XVI of the Constitution of Texas or Section 51 of Article III of the Constitution of Texas, if Veterans' Affairs Commission employees cooperate with the claims specialists of the nationally chartered veterans service organizations by furnishing them with stenographic assistance in filing and development of claims of Texas veterans, with no expenditure for private, individual or organizational purposes, but merely to the benefit of the veteran, his dependents or survivors, in providing the services outlined in categories (1) and (2) heretofore quoted.

Section 3 of Article 5798a-4, Vernon's Civil Statutes, provides in part that it shall be the duty of the Veterans' Affairs Commission to:

". . .

"(b) Assist veterans and their families and dependents in presentation, proof and establishment of such claims, privileges, rights and other benefits as they may have under Federal, State or Local Laws;

(c)  Co-operate with all national, state
and local governmental and private agencies
securing services or any benefits to veterans,
their families and dependents; . . ." (Emphasis
added)

The pertinent portion of Section 6 of Article XVI
of the Constitution of Texas is set forth as follows:

"No appropriation for private or individual
purposes shall be made. . . ."

The pertinent portion of Section 51 of Article III
of the Constitution of Texas is set forth as follows:

"The Legislature shall have no power to
make any grant or authorize the making of any
grant of public moneys to any individual,
association of individuals, municipal or other
corporations whatsoever; . . ."

Pursuant to the provisions of Article 5798a-4, the
Veterans' Affairs Commission is charged, along with certain
other duties, with the responsibility of assisting veterans
and their families and dependents in the presentation, proof
and establishment of claims, rights, privileges or benefits
under federal, state, or local laws.  To aid in carrying out
this responsibility the Veterans' Affairs Commission has been
given the authority, pursuant to Section 3(c) of Article 5798a-
4, to cooperate with all national, state and local governmental
and private agencies who are also engaged in securing services
or benefits for veterans, their families and dependents.

In actual operation, the majority of the claims by
veterans, their families or dependents are processed or ad-
judicated at the five regional offices of the Veterans Admin-
istration in Texas.  Consequently, a large portion of per-
sonnel of the Veterans' Affairs Commission, such as assistant
service officers and clerical personnel, are concentrated at
these regional offices of the Veterans Administration.  The
various nationally chartered veteran services organizations
will normally also have claim specialists located at these
regional offices of the Veterans Administration and their
function is identical to that of Veterans Affairs Commission--
namely, to assist the veteran, his family or dependents in
securing services or benefits to which they are entitled by
law.

The Veterans' Affairs Commission is accredited by
some of the nationally chartered veteran service organizations,
and in turn is not accredited by others.  The significance of

accreditation merely determines whether or not the Veterans' Affairs Commission or its personnel would be legally entitled to represent a given veteran before the Veterans Administration in lieu of the nationally chartered service organization which may also be engaged in assisting the veteran in presenting his claim.

Regardless of whether the Veterans' Affairs Commission is accredited with a particular nationally chartered veterans service organization, and thus would fall into one of the two categories of relationships existing between the Veterans' Affairs Commission and the various nationally chartered veteran service organizations, the responsibility of the Veterans' Affairs Commission is to assist the veteran in presenting his claim and therefore the question of accreditation would have no bearing upon the instant question.

The assistant service officers of the Veterans' Affairs Commission and the claim specialists of the various nationally chartered veteran service organizations, working together on the claim of a particular veteran, frequently will make use of the stenographic services of certain personnel of the Veterans' Affairs Commission in the filing and development of claims, but in so doing all such personnel are under the direction, control, orders and employment of the Veterans' Affairs Commission.

As the Supreme Court of Texas held in State v. City of Austin, ___ Tex. ___ (1960), 331 S.W.2d 737:

". . . The purpose of this section /Article III, Section 51/ and of Article XVI, Section 6, of the Constitution is to prevent the application of public funds to private purposes; in other words, to prevent the gratuitous grant of such funds to any individual or corporation whatsoever. . ."

In the instant case, the personnel of the Veterans' Affairs Commission who are, on occasion, working with claims specialists of the various nationally chartered veteran service organizations in the filing and development of claims are merely engaged in cooperating with governmental and/or private agencies as authorized pursuant to Article 5798a-4. Such activities are for the legislatively declared public purpose of assisting veterans in filing and presenting claims and do not result in the application of public funds to private purposes. We are therefore of the opinion that such activities are not in violation of either Section 51 of Article III, or Section 6 of Article XVI of the Constitution of Texas.

S U M M A R Y

There is no violation of either Section 51 of Article III or Section 6 of Article XVI of the Constitution of Texas, when in the discharge of the statutory responsibilities, the Veterans' Affairs Commission allows its personnel to furnish stenographic assistance to claims specialists of national, state and local governmental and private agencies with whom it is cooperating, in assisting veterans in the filing and presentment of claims.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Assistant

PB:lg/dhd


APPROVED:

OPINION COMMITTEE

Howard W. Mays, Chairman
Riley Eugene Fletcher
Elmer McVey
William E. Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.